**ADMIRAL HOME APPLIANCES, A DIVISION OF MAGIC CHEF, INC., Plaintiff,**

v.

**TENAVISION, INC., Defendant.**

**Civ. No. 82–1279.**\*

United States District Court, D. New Jersey.

Aug. 5, 1982.

\* Affirmed by CA–3 in No. 83–5226, Slip Opinion

Kalb, Friedman & Siegelbaum by Steven D. Fleissig, Roseland, N.J., for plaintiff.

Pett, Russo & Pett by Anthony L. Russo, Totowa, N.J., for defendant.

## MEMORANDUM ORDER

BIUNNO, District Judge.

The single count complaint in this case was filed April 26, 1982. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, with plaintiff having dual citizenship in Delaware (where it is incorporated) and Tennessee (where it has its principal place of business). Defendant is a New Jersey corporation with its principal place of business in the same State. The amount in controversy is alleged to exceed $10,000.

The complaint alleges that defendant sent plaintiff an order, dated September 22, 1981, for the purchase of 356 Admiral clothes washing machines, Model W18B2, and 356 Admiral electric clothes driers, Model DE 18B2, to be shipped "ASAP" (as soon as possible), in carload lots, with

filed May 23, 1984.

freight charges prepaid. The order was accepted September 28, 1981.

On November 28, 1981, before delivery, defendant repudiated the purchase order, and plaintiff sues for monetary damages.

The return of service shows that summons and complaint were served May 14, 1982 on defendant at its Hackensack, NJ offices. On June 9, 1982, more than 20 days having elapsed, and no answer or other defense having been served or filed, a request for default was filed and default was duly entered on the docket sheet, F.R. Civ.P. 55(a).

On June 28, 1982, a notice of motion was filed returnable July 26, 1982, for an order vacating the default and allowing answer to be filed. Because the notice was not accompanied by proof of service or a brief, or statement in lieu of brief, the Clerk did not calendar the motion for July 26 and notified defendant's attorney of the defect by form letter of June 29, 1982.

On July 12, 1982, defendant filed an affidavit that on June 24, 1982 the original notice of motion was delivered to New Jersey Lawyer's Service which in turn hand delivered the papers to plaintiff's attorneys on June 26, 1982. On the same date, defendant's attorney filed an affidavit in lieu of brief, asserting that defendant has denied the allegations of the complaint and has a meritorious defense.

The affidavit of defendant's attorney, filed with the original motion, says that that the summons and complaint were served on the defendant; that due to confusion in defendant's office, and the nature of the issues, and by mistake and inadvertence, the papers were left in abeyance; that thereafter defendant realized that the matter could not be resolved and sent the paper to its attorneys.

Although no date is given, it is plain from that affidavit that the lawyers did not receive the papers from the client until after the default had been entered, as the affidavit recites that upon receipt of the papers the lawyer "immediately" contacted plaintiff's lawyer to obtain consent to vacate the default, which consent was refused.

The affidavit also says there is a meritorious defense in that the sales order was cancelled and thus there is no obligation to the plaintiff.

The affidavit is hearsay. No facts have been presented by any person having personal knowledge to explain the inactivity between the date of service, May 14, 1982, and the date the papers were sent to the lawyer. The date they were sent is not given, but it had to have been sometime between June 9, 1982 when the default was entered, and June 28, 1982 when the notice of motion was filed. Nor has any factual showing been made by a person having personal knowledge, of the existence of a meritorious defense. All that is said is that the order was cancelled, but that is precisely the breach relied on by the complaint to state a claim. Cancellation is an element of the claim, not a defense.

In response, plaintiff has filed affidavits of its general counsel in Atlanta, and of its attorney of record. The first shows that formal demand was made by his letter of February 18, 1982, which proposed an amount for which the claim could be resolved. Defendant's president then phoned to say that he would not pay the claim, and was told that suit would then be filed. About two weeks after service of process, defendant's president phoned Atlanta again with various threats against the attorney of record and his firm. Counsel declined to discuss the matter as it was then in suit and said he should get a lawyer. Defendant's president replied that he had been in court more than counsel had and knew how to handle such suits.

The other affidavit shows that on May 17, 1982, the first business day after service of process, the attorney of record received three phone calls from defendant's president claiming that the suit was without foundation and threatening malicious prosecution suits. The attorney told him to get a lawyer and have him communicate. No further word was received after May

17, 1982, and the first word from a lawyer for defendant was on June 16, 1982.

Defendant's president has submitted a reply affidavit. He denies none of the details set out in the plaintiff's affidavits. He also says he was told to talk to plaintiff's vice-president or credit manager to try to resolve the dispute and that he would allow "sufficient time" to resolve the dispute. He says he made such efforts and was awaiting responses in early June, 1982 and not having an affirmative response, turned the papers over to his lawyer.

This reply affidavit will not do to show excusable neglect. It is inconsistent with the moving affidavit, which asserts that the delay was due to "confusion in defendant's office, and the nature of the issues between the parties, and by mistake and inadvertence." The moving affidavit makes no mention of the now conceded conversations with general counsel and the attorney of record, or of any assurance that time would be extended to allow an attempt to resolve the matter. The reply affidavit fails to give any details of the efforts made after May 17th, although it is known that on May 28, 1982 a call was made to general counsel, and defendant was then told to get a lawyer, as he had been told on May 17, 1982.

The moving affidavit and the reply affidavit taken together, in light of the undenied facts shown by the answering affidavits, falls far short of the requisite showing. The court is satisfied that if there were any mention of an extension of time, it was in conjunction with the urging that defendant hire a lawyer and have him contact the attorney of record.

Whatever the court experience of defendant's president may be, the fact is that since defendant is a corporation it can appear only through a member of the bar of this court. Defendant was on notice by the summons that failure to answer within 20 days could result in a default judgment. Had he hired a lawyer, even after the call to Atlanta on May 28th, two weeks after service, the lawyer could have obtained an ex parte order for a 15 day extension by request to the court clerk under the rules of this court.

Other fact matters mentioned during argument but not presented as part of the record, cannot be considered. Nor will it do to mention undisclosed defenses especially when no draft of answer, setting out all defenses, is submitted with the motion itself.

Defendant knew, from the demand letter of February 18th that the claim was not for an insignificant amount. His attitude, in his calls to general counsel and the attorney of record, shows an arrogance and disregard of the consequences, not mistake, inadvertence or excusable neglect.

Under the circumstances shown by the record in this case, good cause has not been established for setting aside the default, pursuant to F.R.Civ.P. 55(c) or 60(b), and the motion is denied.

Since the damages are unliquidated, default judgment can only be entered by the court under F.R.Civ.P. 55(b)(2).

Plaintiff will be required to serve defendant's attorney with its proofs for the entry of default judgment, and to bring the application on for a regular motion day, on notice in the usual way noting the changes in the General Rules of this District to take effect in the Fall. The defendant will be allowed to serve and file papers in response in accordance with those rules, limited to the question of damages. The motion will be decided under Rule 78, without oral argument, unless the court finds it necessary to conduct a hearing or order a reference, pursuant to F.R.Civ.P. 55(b)(2), in which case the parties will be notified accordingly.

SO ORDERED.